June 5, 2007

## Legal Affairs

**Sentencing Panel Changes Crack Recommendation**

by Libby Lewis

*All Things Considered*, May 15, 2007 · The U.S. Sentencing Commission's new report on federal cocaine sentencing policy was delivered to Congress on Tuesday. The report calls on Congress to once and for all reduce the tough penalties for federal crack-cocaine crimes.

The U.S. Sentencing Commission has been pushing Congress for more than a decade to change the law that created mandatory minimum sentences for crack cocaine. Now the commission is doing what it can on its own authority to recommend shorter sentences for most federal crack-cocaine offenses.

Currently, someone charged with holding 5 grams of crack — that's 10 to 50 doses — faces a mandatory minimum sentence of five years with no parole. By contrast, it takes 500 grams of powder cocaine — more than 2,500 doses — to get that same sentence.

It's been that way since 1987.

The sentencing commission can't change the mandatory minimums that created that 100 to 1 ratio; only Congress can.

But the commission can change its own guidelines for sentences above the minimum. The commission's changes would reduce the average sentence from a little more than 10 years to a little under 9 years. The changes would affect thousands of defendants a year.

Many advocacy groups said they were disappointed with the news. They were hoping for more.

But Doug Berman, a law professor at Ohio State University who follows federal sentencing law, says it reflects a shift in the political climate and that it could lead to bigger changes.

"What they've done for a number of years is say to Congress, 'You ought to change things.' What makes this guideline amendment so important is they're saying, '*We're* going to start changing things ... we'll follow in line," Berman says.

Sen. Jeff Sessions (R-AL) says he hopes that's the case. He has co-sponsored a bill to reduce the disparity between crack and powder cocaine sentences — to 20 to 1.

"It's past time actually," Sessions says. "Because the penalties on crack cocaine are extraordinarily heavy — too heavy to be justified as public policy."

Sessions said his colleagues should be open to reducing penalties downward when the sentencing commission recommends it.

Usually, he says, we just raise them.

**Related NPR Stories**

May 15, 2007
Cocaine Prices Have Fallen Steeply Since 1980s

April 3, 2007
Deep in the Colombian Jungle, Coca Still Thrives

March 19, 2007
Remembering the Crack Epidemic

March 19, 2007
Crack-Cocaine Sentences Prompt Debate

Oct. 27, 2006
Crack Cocaine Sentencing Rules Hit 20

# Senator Jeff Sessions, Congressman Artur Davis Join Local and National Advocates at Birmingham Town Hall Meeting on Sentencing Reform

*Disparities in Federal Sentences for Crack and Powder Cocaine Tear Apart Families, Promote Racial Disparities*

*Advocates and Community Members Demand Fairness in Sentencing, Treatment for Drug Addiction as Sessions, Davis Lead Bi-Partisan Congressional Effort for Reform*

**For Immediate Release: Friday, June 1, 2007. Contact: Kenneth Glasgow (334) 791-2433 or Ken Collins (205) 240-6850**

Birmingham - On Saturday, June 2, 2007, Senator Jeff Session (R-Alabama) and Congressman Artur Davis (D-7th District, AL) join the local organization The Ordinary People's Society (TOPS) and national groups Drug Policy Alliance and the ACLU in a Town Hall meeting about federal sentencing reform. Current federal sentencing policies related to crack and powder cocaine have proven to be ineffective and discriminatory. Sen. Sessions and Rep. Davis are working with state and national advocates to pass bipartisan reforms. This event is open to the public and the press.

- **What:** Town Hall Meeting: Incarceration Nation –Crack vs. Powder Cocaine Sentencing Disparities
- **Who:**
  Senator Jeff Sessions (R - AL)
  Congressman Artur Davis, (D - Birmingham)
  Rev. Kenneth Glasgow, Executive Director of TOPS (Dothan, AL)
  Dr. Foster Cook, Director, UAB - Treatment Alternatives for Safer Communities
  Deborah Vagins, Policy Council for Civil Rights, ACLU Washington Legislative Office
  Barry Hargrove, Field Organizer, ACLU Washington Legislative Office
- **When:** 9:00am - 1:00pm, Saturday, June 2, 2007
- **Where:** Church of the Reconciler - 112 14th Street, North - Birmingham, AL

**About the crack / powder cocaine disparity:**

Currently, distributing just five grams of crack carries a minimum five-year federal prison sentence, while distributing 500 grams of powder cocaine carries the same sentence. Despite repeated recommendations by the U.S. Sentencing Commission, Congress has not addressed this 100:1 sentencing disparity, which has devastated African-American communities and undermined faith in the criminal justice system. African-Americans comprise the vast majority of those convicted of crack cocaine offenses, although whites and Hispanics form the majority of crack users.

"These laws highlight the unjust racial disparities that are pervasive in our nation's drug policies," said Reverend Kenneth Glasgow, Executive Director of The Ordinary People's Society. "What our communities need is treatment, not incarceration. I'm glad to see Sen. Sessions and Rep. Davis working together to create fairness, but I hope they don't forget about treatment in the process."

A 2006 ACLU report found no medical or legal justification for the unfair sentencing disparity ratio, because crack and cocaine are two forms of the same drug. Although Congress' stated intent was to target high-level cocaine traffickers, the result has been just the opposite - a 2002 USSC report found that only 15 percent of federal cocaine traffickers can be classified as high-level, while over 70 percent of crack defendants have low-level involvement in drug activity, such as street level dealers, couriers, or lookouts.

Jeff Sessions

United States Senator ALABAMA

Serving the People of Alabama







Press Release of Senator Sessions

# Sens. Sessions, Pryor, Cornyn and Salazar Introduce Legislation to Promote Fairness in U.S. Sentencing Guidelines

Wednesday, May 16, 2007

WASHINGTON - The disparity in federal sentencing guidelines for crack and powder cocaine offenses would be reduced from 100-to-1 to 20-to-1 under legislation introduced in the Senate this week by U.S. Sens. Jeff Sessions (R-AL), Mark Pryor (D-AR), John Cornyn (R-TX) and Ken Salazar (D-CO).

The legislation comes after the U.S. Sentencing Commission last month submitted to Congress recommended guideline changes to federal crack cocaine penalties. The Commission recommended that the Federal Sentencing Guidelines be changed to allow for a lesser sentence for offenses involving crack cocaine.

The bill, the Drug Sentencing Reform Act of 2007, would reduce the disparity for triggering the mandatory minimum sentences for crack and powder cocaine from 100-to-1 to 20-to-1 by reducing the penalty for crack cocaine and increasing the penalty for powder cocaine. The underlying goal of the bill is fairness - treating similar drugs more equally when it comes to sentencing.

The measure also would shift some of the emphasis in sentencing from drug quantity to the type of criminal conduct by increasing penalties for the worst drug offenders who use violence and employ children as couriers. It would decrease penalties on those who play only a minimal role in a drug trafficking offense, such as a girlfriend or child of a drug dealer who receives little or no compensation.

In 1984, Congress abolished the parole system and established the Sentencing Guidelines to provide more uniform and certain sentencing. In 1986, lawmakers set statutory mandatory minimum sentences for various illegal drugs, including a 5-year mandatory minimum sentence for trafficking 500 grams of powder cocaine or 5 grams of crack and a 10-year mandatory minimum for trafficking 5,000 grams of powder or 50 grams of crack.

The 100-to-1 ratio of crack to powder was enacted largely to prevent the spread of crack cocaine across America, especially into minority neighborhoods. Despite that goal, crack cocaine has spread across the country and into minority neighborhoods.

A recent U.S. Sentencing Commission report said that 83 percent of offenders sentenced for crack violations were African Americans. And a Bureau of Prisons study revealed that weapons use and violence are more accurate indicators of recidivism than drug use.

Sessions, Pryor, Cornyn and Salazar introduced similar legislation last year. All four senators are former state attorney generals.

Sessions said: "This bill would bring balanced improvements to the current sentencing system to ensure a more just outcome. The 100-to-1 disparity in sentencing between crack cocaine and powder cocaine is not justifiable. My experience with the guidelines as U.S. Attorney has convinced me that these changes will make the criminal justice system more effective and fair."

Pryor said: "Cocaine poses a significant threat because it is readily available, highly addictive and directly associated with violent crime in both rural and urban communities. We need to send a strong message to those who buy and sell this drug, and that includes fixing the disparities that exist in our sentencing guidelines and keeping the most dangerous offenders off the streets."

Cornyn said: "This bill will make sure our law enforcement resources are directed where they're needed most. It updates the law, making it fairer, by reforming the sentencing disparity that has developed over the years. We have made great strides in the war on drugs in recent years, but Congress must remain vigilant in addressing current drug problems, such as the stark increase in use of powder cocaine."

Salazar said: "As a former Attorney General I understand the need to ensure that the punishment for selling drugs, and in this case crack and cocaine, is severe but just," said Senator Salazar. "The Drug Sentencing Reform Act takes vital steps to reduce the disparity between crack and cocaine offense and in the end helps ensure the punishment fits the crime."

---

**Home | Constituent Services | Legislative Resources | Press Room**

© 2004 United States Senator Jeff Sessions, Alabama.
All rights reserved.

**Drug Sentencing Reform Act of 2007 (Introduced in Senate)**

S 1383 IS

110th CONGRESS

1st Session

**S. 1383**

To reduce the disparity in punishment between crack and powder cocaine offenses, to more broadly focus the punishment for drug offenders on the seriousness of the offense and the culpability of the offender, and for other purposes.

**IN THE SENATE OF THE UNITED STATES**

## May 14, 2007

Mr. SESSIONS (for himself, Mr. PRYOR, Mr. CORNYN, and Mr. SALAZAR) introduced the following bill; which was read twice and referred to the Committee on the Judiciary

---

**A BILL**

To reduce the disparity in punishment between crack and powder cocaine offenses, to more broadly focus the punishment for drug offenders on the seriousness of the offense and the culpability of the offender, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

## SECTION 1. SHORT TITLE; TABLE OF CONTENTS.

(a) Short Title- This Act may be cited as the `Drug Sentencing Reform Act of 2007'.

(b) Table of Contents- The table of contents for this Act is as follows:

Sec. 1. Short title; table of contents.

TITLE I--REDUCTION OF DISPARITY IN SENTENCING BETWEEN CRACK AND POWDER COCAINE

Sec. 101. Reduction in disparity in sentencing between crack and powder cocaine.

Sec. 102. Sentencing guideline conforming changes and enhancements for acts of violence during the course of a drug trafficking offense.

TITLE II--INCREASED EMPHASIS ON THE DEFENDANT'S ROLE IN THE OFFENSE

Sec. 201. Increase in sentence for leadership role in drug offense.

Sec. 202. Limit on sentence when defendant has lesser role in the offense.

Sec. 203. Elderly, nonviolent prisoner pilot program.

Sec. 204. Emergency amendment authority; effective date.

## TITLE I--REDUCTION OF DISPARITY IN SENTENCING BETWEEN CRACK AND POWDER COCAINE

## SEC. 101. REDUCTION IN DISPARITY IN SENTENCING BETWEEN CRACK AND POWDER COCAINE.

(a) Amendment of the Controlled Substances Act- Section 401 of the Controlled Substances Act (21 U.S.C. 841) is amended as follows:

(1) TEN-YEAR MANDATORY MINIMUM-

(A) DECREASE IN AMOUNT OF POWDER COCAINE NECESSARY TO TRIGGER MANDATORY MINIMUM- In subsection (b)(1)(A)(ii) by striking `5 kilograms' and inserting `4 kilograms'.

(B) INCREASE IN AMOUNT OF CRACK COCAINE NECESSARY TO TRIGGER MANDATORY MINIMUM- In subsection (b)(1)(A)(iii) by striking `50 grams' and inserting `200 grams'.

(2) FIVE-YEAR MANDATORY MINIMUM-

(A) DECREASE IN AMOUNT OF POWDER COCAINE NECESSARY TO TRIGGER MANDATORY MINIMUM- In subsection (b)(1)(B)(ii) by striking `500 grams' and inserting `400 grams'.

(B) INCREASE IN AMOUNT OF CRACK COCAINE NECESSARY TO TRIGGER MANDATORY MINIMUM- In subsection (b)(1)(B)(iii) by striking `5 grams' and inserting `20 grams'.

(b) Amendment of the Controlled Substances Import and Export Act- Section 1010 of the Controlled Substances Import and Export Act (21 U.S.C. 960) is amended as follows:

(1) TEN-YEAR MANDATORY MINIMUM-

(A) DECREASE IN AMOUNT OF POWDER COCAINE NECESSARY TO TRIGGER MANDATORY MINIMUM- In subsection (b)(1)(B) by striking `5 kilograms' and inserting `4 kilograms'.

(B) INCREASE IN AMOUNT OF CRACK COCAINE NECESSARY TO TRIGGER MANDATORY MINIMUM- In subsection (b)(1)(C) by striking `50 grams' and inserting `200 grams'.

(2) FIVE-YEAR MANDATORY MINIMUM-

(A) DECREASE IN AMOUNT OF POWDER COCAINE NECESSARY TO TRIGGER MANDATORY MINIMUM- In subsection (b)(2)(B) by striking `500 grams' and inserting `400 grams'.

(B) INCREASE IN AMOUNT OF CRACK COCAINE NECESSARY TO TRIGGER MANDATORY MINIMUM- In subsection (b)(2)(C) by striking `5 grams' and inserting `20 grams'.

(c) Conforming Change to Penalty for Possession- Section 404(a) of the Controlled Substances Act (21 U.S.C. 844(a)) is amended in the fifth sentence by striking `5 years' and inserting `1 year'.

## SEC. 102. SENTENCING GUIDELINE CONFORMING CHANGES AND ENHANCEMENTS FOR ACTS OF VIOLENCE DURING THE COURSE OF A DRUG TRAFFICKING OFFENSE.

Pursuant to its authority under section 994 of title 28, United States Code, and in accordance with this section, the United States Sentencing Commission shall review and amend the Federal sentencing guidelines and policy statements to ensure--

(1) that guideline offense levels based upon the quantity of powder cocaine and crack cocaine are consistent with the amendments made by section 101; and

(2) that the guidelines provide an appropriate additional penalty increase of from 2 to 8 offense levels if the defendant used violence, made a credible threat to use violence, directed the use or threatened use of violence, or possessed a firearm, or other dangerous weapon, during the course of a drug trafficking offense.

## TITLE II--INCREASED EMPHASIS ON THE DEFENDANT'S ROLE IN THE OFFENSE

### SEC. 201. INCREASE IN SENTENCE FOR LEADERSHIP ROLE IN DRUG OFFENSE.

Pursuant to its authority under section 994 of title 28, United States Code, and in accordance with this section, the United States Sentencing Commission shall review and amend the Federal sentencing guidelines and policy statements to ensure an additional increase of at least 2 offense levels if--

(1) the defendant, as an organizer, leader, manager, or supervisor of drug trafficking activity, is subject to an aggravating role enhancement under the guidelines; and

(2) the offense involved 1 or more of the following super-aggravating factors--

(A) the defendant--

(i) used another person to purchase, sell, transport, or store controlled substances;

(ii) used impulse, fear, friendship, affection, or some combination thereof to involve such person in the offense;

(iii) and such person had a minimum knowledge of the illegal enterprise and was to receive little or no compensation from the illegal transaction;

(B) the defendant maintained an establishment for the manufacture or distribution of a controlled substance, as generally described in section 406 of the Controlled Substances Act (21 U.S.C. 856);

(C) the defendant--

(i) distributed a controlled substance to a person under the age of 18 years, a person over the age of 64 years, or a pregnant individual; or

(ii) involved a person under the age of 18 years, a person over the age of 64 years, or a pregnant individual in drug trafficking;

(D) the defendant bribed, or attempted to bribe, a Federal, State, or local law enforcement official in connection with a drug trafficking offense;

(E) the defendant was involved in the importation into the United States of a controlled substance; or

Case 1:06-cr-00133-ML-LDA Document 37-2 Filed 06/05/2007 Page 10 of 16

(F) the defendant committed the drug trafficking offense as part of a pattern of criminal conduct engaged in as a livelihood.

## SEC. 202. LIMIT ON SENTENCE WHEN DEFENDANT HAS LESSER ROLE IN THE OFFENSE.

Pursuant to its authority under section 994 of title 28, United States Code, and in accordance with this section, the United States Sentencing Commission shall review and amend, as appropriate, the Federal sentencing guidelines and policy statements to ensure that--

(1) if the defendant is subject to a minimal role adjustment under the guidelines, the base offense level for such a defendant based solely on drug quantity shall not exceed level 32; and

(2) there shall be an additional reduction of 2 offense levels, if the defendant--

(A) otherwise qualifies for a minimal role adjustment under the guidelines and had a minimum knowledge of the illegal enterprise;

(B) was to receive little or no compensation from the illegal transaction; and

(C) acted on impulse, fear, friendship, or affection when the defendant was otherwise unlikely to commit such an offense.

## SEC. 203. ELDERLY, NONVIOLENT PRISONER PILOT PROGRAM.

(a) Definitions- In this section:

(1) CRIME OF VIOLENCE- The term `crime of violence' has the meaning given the term in section 16 of title 18, United States Code.

(2) DESIGNATED FACILITY- The term `designated facility' means a Federal penitentiary designated by the Attorney General as appropriate for the pilot program.

(3) DIRECTOR- The term `Director' means the Director of the Bureau of Prisons.

(4) ELIGIBLE PRISONER- The term `eligible prisoner' means a prisoner in the custody of the Bureau of Prisons who--

(A) is not less than 65 years of age;

(B) is serving a term of imprisonment after conviction for an offense other than a crime of violence and has served the greater of 10 years or 1/2 of the term of imprisonment;

(C) has not been convicted in the past of any Federal or State crime of violence;

(D) has not been determined by the Bureau of Prisons, on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau, to have a history of violence;

(E) has not escaped, or attempted to escape, from a Bureau of Prisons facility; and

(F) has not been determined by the Director, pursuant to the disciplinary system of the Bureau of Prisons, to have committed an infraction involving an act of violence.

(5) HOME DETENTION- The term `home detention' has the same meaning given the term in the Federal Sentencing Guidelines, and includes detention in a nursing home or other residential long-term care facility.

(6) PILOT PROGRAM- The term `pilot program' means the pilot program carried out in accordance with this section.

(7) TERM OF IMPRISONMENT- The term `term of imprisonment' includes multiple terms of imprisonment ordered to run consecutively or concurrently, which shall be treated as a single, aggregate term of imprisonment for purposes of this section.

(b) Program Established-

(1) IN GENERAL- Notwithstanding section 3624 of title 18, United States Code, or any other provision of law, the Director shall carry out a pilot program at 1 or more designated facilities, under which the Director shall, in accordance with paragraph (2), place each prisoner who is determined to be an eligible prisoner on home detention until the date on which the term of imprisonment to which the eligible prisoner was sentenced expires.

(2) TIMING OF RELEASE- In carrying out the pilot program, the Director shall place an eligible prisoner on home detention under paragraph (1)--

(A) with respect to a prisoner who is determined to be an eligible prisoner on or before the date that is 90 days after the date of enactment of this Act, not later than 180 days after the date of enactment of this Act; and

(B) with respect to a prisoner who is determined to be an eligible prisoner after the date that is 90 days after the date of enactment of this Act and before the date that is 3 years and 91 days after such date of enactment, not later than 90 days after the date of such determination.

(3) VIOLATION OF TERMS OF HOME DETENTION- A violation of the terms of the home detention, including the commission of another Federal, State, or

local crime, shall result in the return of an eligible prisoner to the form of custody of that prisoner prior to being placed on home detention.

(c) Program Evaluation-

(1) IN GENERAL- The Director shall contract with an independent organization to monitor and evaluate the progress of each prisoner released under the pilot program during the 3-year period beginning on the date of such release.

(2) ANNUAL REPORT- The organization described in paragraph (1) shall annually submit to the Director and to Congress a report on the pilot program, which shall include--

(A) an evaluation of the effectiveness of the pilot program in providing successful transition to eligible prisoners from incarceration to the community, including data relating to the recidivism rates for those prisoners; and

(B) the cost savings to the Federal Government resulting from the early removal of eligible prisoners from incarceration.

## SEC. 204. EMERGENCY AMENDMENT AUTHORITY; EFFECTIVE DATE.

(a) Emergency Amendment Authority-

(1) IN GENERAL- The United States Sentencing Commission, in its discretion, may--

(A) promulgate amendments pursuant to the directives in this Act in accordance with the procedure set forth in section 21(a) of the Sentencing Act of 1987 (28 U.S.C. 994 note), as though the authority under that section had not expired; and

(B) pursuant to the emergency authority provided in paragraph (1), make such conforming amendments to the Sentencing Guidelines as the Commission determines necessary to achieve consistency with other guideline provisions and applicable law.

(2) PROMULGATION- The Commission shall promulgate any amendments under paragraph (1) promptly, so that the amendments take effect on the same date as the amendments made by this Act.

(b) Effective Date-

(1) IN GENERAL- Except as provided in paragraph (2), this Act and the amendments made by this Act shall apply to any offense committed on or after 180 days after the date of enactment of this Act. There shall be no retroactive application of any portion of this Act.

(2) APPLICABILITY- This subsection shall not apply to section 203 of this Act.

---

| THIS SEARCH | THIS DOCUMENT | GO TO |
|---|---|---|
| Next Hit | Forward | New Bills Search |
| Prev Hit | Back | HomePage |
| Hit List | Best Sections | Help |
| | Contents Display | |

---

THOMAS Home | Contact | Accessibility | Legal | USA.gov

GovTrack.us
Independently Tracking the United States Congress

Legislation > H.R. 460 (110th U.S. Congress: 2007-2008)

# H.R. 460: To amend the Controlled Substances Act and the Controlled Substances Import and Export Act to...

HR 460 IH

110th CONGRESS

1st Session

H. R. 460

To amend the Controlled Substances Act and the Controlled Substances Import and Export Act to eliminate certain mandatory minimum penalties relating to crack cocaine offenses.

IN THE HOUSE OF REPRESENTATIVES

**January 12, 2007**

Mr. RANGEL introduced the following bill; which was referred to the Committee on the Judiciary, and in addition to the Committee on Energy and Commerce, for a period to be subsequently determined by the Speaker, in each case for consideration of such provisions as fall within the jurisdiction of the committee concerned

---

A BILL

To amend the Controlled Substances Act and the Controlled Substances Import and Export Act to eliminate certain mandatory minimum penalties relating to crack cocaine offenses.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

**SECTION 1. SHORT TITLE.**

This Act may be cited as the `Crack-Cocaine Equitable Sentencing Act of 2007'.

**SEC. 2. TREATING CRACK AND OTHER FORMS OF COCAINE THE SAME FOR TRAFFICKING PENALTIES.**

(a) Treating 50 Grams of Crack the Same as 50 Grams of Other Forms of Cocaine- Section 401(b)(1)(A) of the Controlled Substances Act (21 U.S.C. 841(b)(1)(A)) is amended by striking clause (iii).

(b) Treating 5 Grams of Crack the Same as 5 Grams of Other Forms of Cocaine- Section 401(b)(1)(B) of the Controlled Substances Act (21 U.S.C. 841(b)(1)(B)) is amended by striking clause (iii).

**SEC. 3. TREATING THE POSSESSION OF CRACK THE SAME AS THE POSSESSION OF OTHER FORMS OF COCAINE.**

Section 404(a) of the Controlled Substances Act (21 U.S.C. 844 (a)) is amended by striking the sentence that begins `Notwithstanding the preceding sentence'.

**SEC. 4. TREATING THE IMPORTATION OF CRACK THE SAME AS THE IMPORTATION OF OTHER FORMS OF COCAINE.**

(a) Treating 50 Grams of Crack the Same as 50 Grams of Other Forms of Cocaine- Section 1010(b)(1) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)(1)) is amended by striking out subparagraph (C).

(b) Treating 5 Grams of Crack the Same as 5 Grams of Other Forms of Cocaine- Section 1010(b)(2) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)(2)) is amended by striking out subparagraph (C).

**SEC. 5. SENTENCING COMMISSION TO AMEND GUIDELINES.**

As soon as practicable after the date of the enactment of this Act, the United States Sentencing Commission shall promulgate such amendments to the Sentencing Guidelines as are necessary to conform those Guidelines to the amendments made by this Act.