IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 06-133-01ML |
| | ) | |
| RONALD HOPKINS | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR CONTINUANCE

The government objects to the defendant's motion for a continuance because the defendant's hope that the law may change is not a sufficient justification for another continuance in this case.

PROCEDURAL HISTORY

The defendant, Ronald Hopkins, was indicted on November 15, 2006 in a two count indictment charging him with distribution of 50 grams or more of cocaine base and distribution of 5 grams or more of cocaine base. His case was indicted with five other cases involving the audio and videotaped recordings of controlled purchases of crack cocaine from drug dealers in Providence, Rhode Island. All defendants were arrested and have pled guilty except Defendant Hopkins, who fled from law enforcement.

On February 14, 2007, the grand jury returned a superseding indictment against the defendant, adding a charge for conspiracy to distribute 5 grams or more of cocaine base and a charge for distribution of 5 grams or more of cocaine base. The superseding indictment also added an additional defendant, co-conspirator Willie Walker, who has since pled guilty.

The defendant was arrested on March 19, 2007 after the car in which he was traveling was stopped by the Massachusetts State Police. He was arraigned on March 20, 2007, and pursuant to a defense motion made orally on May 9, 2007, his case was continued.

ARGUMENT

The defendant asks that his case be continued again because he believes the law might change. The defendant claims that the proposed amendment to the crack cocaine sentencing guidelines that may take affect on November 1, 2007 support his motion. In support of his motion, he also relies upon proposed legislation that was introduced in the Senate last year and again this year. Neither possible change to the law supports a motion for a continuance.

The sentencing guidelines amendment at issue is merely proposed, will not go into effect until November 1, 2007 if at all, and may be rejected or modified by Congress in the interim. See 28 U.S.C. § 994(p). More significantly, the defendant is a career offender with three prior drug trafficking convictions and one conviction for assault with a deadly weapon. Accordingly, the crack cocaine guidelines under U.S.S.G. § 2D1.1 do not affect his sentence since the defendant's sentence will be determined pursuant to U.S.S.G. § 4B1.1, the career offender guidelines. Thus, even if the proposed amendment does take effect, it will not benefit the defendant.

Finally, the defendant asks for a continuance because there was legislative discussion last year and again this year regarding an amendment to 21 U.S.C. § 841. Such discussion is a far cry from a change to the law. Moreover, a continuance on this basis would constitute a violation of the Speedy Trial Act since legislative debate of an amendment is not an approved basis for a continuance and does not outweigh the interest of the public in a speedy trial. See 18 U.S.C. § 3161(h)(8).

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
New York Bar
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000/709-5001 (fax)
sandra.beckner@usdoj.gov

CERTIFICATION

On June 13, 2007, I caused the within "Government's Response to Defendant's Motion to Continue" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Kevin Fitzgerald
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj