IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 06-133-01ML |
| | ) | |
| RONALD HOPKINS | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO PRODUCE CONFIDENTIAL INFORMANT

The government objects to the defendant's motion to produce the confidential informant. Given the stage of the proceedings and the facts of this case, the defendant has not met his burden to establish that his interest in the informant's testimony outweighs the government's interest in encouraging future cooperation and protecting the safety of the informant.

FACTS

The defendant, Ronald Hopkins, was indicted on February 14, 2007 in a superseding indictment charging him with distribution of 50 grams or more of cocaine base, conspiracy to distribute five grams or more of cocaine base, and two counts of distribution of five grams or more of cocaine base. These charges arise from five controlled buys conducted by the Providence Police Department between June 16, 2006 and July 17, 2006.

There are audio/video recordings of the controlled buys and

copies of these recordings were provided to defense counsel on March 21, 2007. On each occasion, prior to the informant meeting with the defendant, the informant called the defendant in the presence of Providence Police officers. Additionally, officers recorded the phone calls preceding the last two controlled buys, which were for 30.1 grams and 59.7 grams of cocaine base. A copy of the recorded phone call from July 17, 2006 was provided to defense counsel. Also, in its initial discovery letter dated March 21, 2007, the government advised defense counsel that the other recorded phone call was available for inspection at the police station.

On June 26, 2007, the defendant pled guilty to all charges in the indictment. Because he pled guilty, the government did not enhance the defendant to mandatory life imprisonment.

Since the defendant's guilty plea, the probation department has prepared a presentence report (PSR). The defendant is a career offender with four prior felony drug convictions, three of which are for trafficking. The defendant also has been convicted of assault with a dangerous weapon and carrying a weapon during a crime of violence. All of these convictions occurred within the ten years prior to the defendant's criminal conduct in this case. According to the PSR, even with an adjustment for acceptance of responsibility, the defendant's guideline range is 262-327 months, 22 months above his statutory minimum.

The defendant now moves the Court to order production of the confidential informant and the officers responsible for supervising the informant. The identity of the officers involved in the case are included in the reports provided in discovery. SGT Fabio Zuena was present when the informant called the defendant on the first three occasions, and SGT Zuena and Task Force Agent (TFA) Robert Enright were present when the informant called the defendant on the last two occasions. The last two calls were recorded and these recordings have been provided to or made available to the defense counsel. In light of the discovery already provided, the only outstanding issue for the Court is whether the identity and location of the informant should be disclosed after plea but prior to sentencing. The government submits that its interest in protecting the informant and encouraging future cooperation outweighs the defendant's interest in learning the identity of the informant.

## ARGUMENT

Generally, the government does not disclose the identity of cooperating informants, undercover officers, or other prospective witnesses to a defendant who elects to plead guilty. See United States v. Ruiz, 536 U.S. 622, 632 (2002). Had this defendant pled not guilty and proceeded to trial, it is likely that the informant's identity would have been disclosed at or near the

time of trial. See United States v. Tejeda, 974 F.2d 210, 217 (1st Cir. 1992); see, e.g., United States v. Villarman-Oviedo, 325 F.3d 1, 13 (1st Cir. 2003) (government disclosed the identity of witness and impeachment material 4 days prior to trial). Confronted with recorded telephone calls, audio/video recordings of the five purchases of crack cocaine, and his own post-arrest admissions, the defendant decided to plead guilty. As a result, the government did not disclose the identity of the informant.

Now, after admitting his guilt, the defendant seeks disclosure of the informant's identity. He claims, without explanation, that the identity of the informant is necessary for the successful presentation of his sentencing entrapment argument.

Usually arguments regarding the identity of the informant arise prior to trial, not after a guilty plea. In fact, the government did not find a First Circuit case directly dealing with the issue at hand[1]. However, in discussing the informant

---

[1] The government found one Ninth Circuit case in which the district court was instructed to question the informant in camera to determine whether the informant's testimony would be relevant and helpful to the question of sentencing entrapment. See United States v. Ramirez-Rangel, 103 F.3d 1501, 1506-09 (9th Cir. 1997). That case differs significantly from the one at hand because in that case the defendant traded a pound of methamphetamine to an undercover agent for guns. The guns supplied by the government were machine guns, which increased the sentence by 25 years. The undercover did not discuss the type of guns when he made the trade with the defendants because he did not speak Spanish. The terms of the deal had already been arranged by the informant when the informant met with the defendants on a previous occasion.

privilege[2] in the context of a denial of the missing witness instruction, the First Circuit stated, "[a]t whatever stage of the proceeding the question arises, the accused has the burden to show that something special about his case suffices to override both the public interest in encouraging the flow of information to law enforcement agencies and the source's private interest in his or her own safety." United States v. Perez, 299 F.3d 1, 4 (1st Cir. 2002). At the pretrial stage, the defendant's burden is a heavy one. United States v. Gomez-Genao, 267 F.3d 1, 1 (1st Cir. 2001). To meet this burden, the defendant must explain how the informant's testimony would have supported his alleged defense. See United States v. Martinez, 922 F.2d 914, 921 (1st Cir. 1991).

In this case, however, the defendant has not put forth a single piece of exculpatory information that he believes the informant possesses. Nor has he explained how the informant will support the defendant's sentencing entrapment claim. See United States v. Borja-Espinosa, 156 F.3d 1239 (9th Cir. 1998) (unpublished), cert. denied, 525 U.S. 1045 (1998) (denying the defendant's request for testimony of the confidential informant

---

[2] The government has a privilege to withhold the identity of an informer, but that privilege is limited when the "disclosure of an informer's identity . . . is relevant and helpful to the defense . . . or is essential to a fair determination of a cause. . . ." Roviaro v. United States, 353 U.S. 53, 59-60 (1957).

at an evidentiary hearing on his sentencing entrapment claim because defendant failed to show how informant's testimony would be helpful).

The informant's testimony is not crucial to the defendant's sentencing entrapment claim given the facts of this case. The most pertinent discussions, the controlled buys and the two phone calls preceding the largest controlled buys, are recorded. Law enforcement was present during each of the phone calls that were not recorded. Thus, the defendant has other methods of proof available to him as he attempts to prove his sentencing entrapment defense.

Most significantly, the defendant's sentencing entrapment complaint is completely without merit given the strong evidence of the defendant's predisposition. See United States v. Fontes, 415 F.3d 174, 180-83 (1st Cir. 2005). There is no suggestion that the government agents improperly enlarged the scope or scale of the crime "lur[ing] the [defendant] into committing [a] crime[] more heinous than [he] was predisposed to commit." See United States v. Sanchez-Berrios, 424 F.3d 65, 78-79 (1st Cir. 2005). For example, prior to distributing the "62"[3] on July 17, 2006, the defendant sold to the informant on four prior occasions. The last sale prior to the "62" was for 30 grams, or

[3] A "62," or 62 grams including packaging, is common street parlance for two ounces of a narcotic. It is suggestive of a mid-level dealer.

over an ounce of crack cocaine. Furthermore, over the last ten years the defendant has been convicted of selling drugs on three prior occasions. Even if the Court assumes for the sake of argument that the informant's testimony would establish improper enlargement of the scope of the crime, the defendant still does not have a viable claim of sentencing entrapment in light of the overwhelming evidence of predisposition.

CONCLUSION

For the reasons stated above, the defendant's interest in learning the identity and whereabouts of the informant does not outweigh the government's interest in protecting the safety of the informant and encouraging future cooperation.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
New York Bar
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATION

I hereby certify that on October 19, 2007, a copy of the within "Government's Response to Defendant's Motion to Produce Confidential Informant" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Kevin Fitzgerald
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj