IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Cr. No. 06-133-01ML |
| RONALD HOPKINS | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO PRODUCE CONFIDENTIAL INFORMANT

No fact[1], law, or argument included within the defendant's supplemental memorandum lends additional support to his motion for production of the confidential informant. In fact, just the opposite is true. In his supplement, the defendant concedes that the recorded phone calls do not "change the basis" for his request and that the amount of narcotics purchased by the cooperator was determined by the police officers involved. In light of these concessions, the defendant's need for the identity of the informant is even further diminished.

[1] The government does not necessarily agree with all of the facts set forth in the defendant's supplemental memorandum. Should a fact included within the defendant's supplement become significant and the government disagree with that fact, the government will be prepared to call SGT Fabio Zuena as a witness at the December 14, 2007 hearing on the motion to produce.

As already explained in its initial response to the defendant's motion to produce, nearly all contact, and certainly the contact of import, between the confidential informant and the defendant was recorded and/or done in the presence of Providence Police Department Sergeant Fabio Zuena. Even the defendant concedes that the quantity purchased was determined by the officers and not the informant. Thus the recordings and the officers' testimony are the best evidence of the existence or nonexistence of sentencing entrapment.

The defendant still has not put forth a single piece of exculpatory information that he believes the informant possesses. Nor has he explained how the informant will support the defendant's sentencing entrapment claim. The defendant makes generalized claims that the "CI's version of his participation in the operation" will support the defendant's argument, but the defendant does not make a single accusation of impropriety on the part of the informant. Thus, it cannot be said that the defendant has met his burden to show how the informant's testimony would be helpful. Furthermore, even if the Court assumes for the sake of argument that the informant's testimony would establish improper enlargement of the scope of the crime, the defendant still does not have a viable claim of sentencing entrapment in light of the overwhelming evidence of predisposition.

For the reasons set forth above and those included within its initial response, the government urges the Court to deny the defendant's motion to produce the confidential informant.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
New York Bar
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATION

I hereby certify that on November 25, 2007, a copy of the within "Government's Response to Defendant's Supplemental Memorandum in Support of Motion to Produce Confidential Informant" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Kevin Fitzgerald
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj